Electronically Filed
Intermediate Court of Appeals
30633
24-NOV-2010
09:57 AM

NO. 30633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL C. TIERNEY aka: MICHAEL C. KING, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 88-2209 and 89-0024)


ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, we lack jurisdiction over Defendant-Appellant Michael Christopher Tierney's (Appellant Tierney) appeal from the most recent order in this case, which is the Honorable Derrick H.M. Chan's March 10, 2009 "Order Denying Petitioner's Motion for Return of Cash Bond $10,000.00 Filed on March 6, 2009" (the March 10, 2009 order), because Appellant Tierney's July 26, 2010 notice of appeal is untimely as to the March 10, 2009 order under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996)

(citation omitted). The statute that authorizes most appeals from circuit court criminal matters is Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2009). However, HRS § 641-11 does not apply to this appeal, because a proceeding involving the "forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawaiʻi 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted). The supreme court has explained that the statute authorizing an appeal from a bail forfeiture proceeding is HRS § 804-51 (Supp. 2009), and

> the appealable event is the order denying the motion to set aside the judgment of forfeiture.
> Once a motion to set aside is denied, the surety may appeal such denial as in the case of a final judgment. Pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1), a notice of appeal from a final judgment must be filed within thirty days from the date of entry of the judgment - in this case, thirty days from the order denying the motion to set aside.

State v. Camara, 81 Hawaiʻi at 329, 916 P.2d at 1230 (footnote omitted). The March 10, 2009 order effectively denies Appellant Tierney's motion to set aside the bail forfeiture, and, thus, HRS § 804-51 authorizes an appeal from the March 10, 2009 order.

An appeal must be timely in order to be valid. The supreme court has held that, in an appeal from a ruling in a bail bond forfeiture proceeding, "HRAP [Rule] 4(a), as opposed to HRAP [Rule] 4(b), applies because forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawaiʻi at 329 n.7, 916 P.2d at 1230 n.7 (citation omitted). Thus, the rules governing civil proceedings control this case. Tierney did not file his July 26, 2010 notice of appeal within thirty days of the March 10, 2009 order.

Moreover, even if, pursuant to HRAP Rule 4(a)(3)[1] Appellant Tierney extended the initial thirty-day time period when he filed another request to set aside bail forfeiture on March 12, 2009 -- which was within ten days after entry of the March 10, 2009 order, as HRCP Rule 59 requires for a timely motion for reconsideration -- his appeal is still untimely. Even when a party files a timely tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008). The ninetieth day after March 12, 2009, was June 10, 2009, at the end of which Appellant Tierney's March 12, 2009 request was automatically deemed denied pursuant to HRAP Rule 4(a)(3).

---

[1] Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

HRAP Rule 4(a)(3) (effective July 1, 2009) (Emphases added.)

Appellant Tierney did not file his July 26, 2010 notice of appeal within thirty days after June 10, 2009. Therefore, even if the March 12, 2009 request extended the time period for filing an appeal, Appellant Tierney's appeal is untimely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").  Absent a timely notice of appeal, we lack appellate jurisdiction over appellate court case number 30633. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 24, 2010.

Presiding Judge

Associate Judge

Associate Judge

-4-